■ PETER S. PRAINO et al., Respondents, v TIMES SQUARE TRUCKING CORPORATION, Defendant, and BYRON C. JOHNSON, Appellant.—Order, Supreme Court, Bronx County, entered on December 16, 1975, denying defendant's motion to dismiss this personal injury action pursuant to CPLR 3215 (subd [c]) unanimously affirmed, without costs and without disbursements. CPLR 3215 (subd [c]) provides for the dismissal of a complaint where a "plaintiff fails to take proceedings for the entry of judgment within one year after * * * default". The cited section is inapplicable to the case at bar, since there was no default by defendant until after June 12, 1975, the date on which plaintiffs filed the summons herein with proof of service. Concur—Stevens, P. J., Kupferman, Murphy, Capozzoli and Yesawich, JJ.

■ ATLANTIC RICHFIELD COMPANY, Appellant, v COUPON PUBLISHING CORP. et al., Respondents.—Order, Supreme Court, New York County, entered January 23, 1976, denying plaintiff's motion for summary judgment, pursuant to CPLR 3213, unanimously reversed, on the law, with $60 costs and disbursements to appellant, and the motion granted. On the record before us, defendants' belated effort to characterize the additional $90,000 advanced by plaintiff as a nonrefundable investment rather than a loan, is insufficient to overcome the overwhelming documentary evidence to the contrary. Accordingly, since no genuine triable issues were raised, summary judgment should have been granted. (Cf. *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 225.) Settle order on notice. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.

■ FIELDS PLASTICS & CHEMICALS, INC., Appellant, v COLLAGEN CORP. et al., Respondents.—Order, Supreme Court, New York County, entered on April 21, 1975, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and said motion granted. Appellant shall recover of respondents $60 costs and disbursements of this appeal. Defendants' own admissions, in annual reports and prospectuses, establish that they engaged in commercial production of the product being developed for more than one year and that substantial revenues were derived from sales. The mere fact that the venture was unprofitable is of no consequence under the parties' agreement. Accordingly, we find no genuine triable issues raised hereon precluding summary relief. Settle order on notice. Concur—Murphy, J. P., Lupiano, Birns and Lane, JJ.

■ 943 LEXINGTON AVENUE, INC., Respondent-Appellant, v MELPO NIARCHOS, as Executrix of the Estate of BORIS LOVET-LORSKI, Deceased, Appellant-Respondent.—Cross appeals from the order of the Appellate Term of the Supreme Court, First Department, entered on September 24, 1975, withdrawn, without costs. Concur—Lupiano, J. P., Birns, Silverman, Lane and Nunez, JJ. [83 Misc 2d 803.]